Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2190 | **DATE** | Sept. 11, 2002 |
| **CASE TITLE** | Monica O. Chukwu  v  Air France, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to FRCP 12(b)(1) and 12(b)(6) is denied, and defendants' motion top dismiss for forum non conveniens is denied. This Court sua sponte orders this case **transferred** to the USDC for the Northern District of California pursuant to 28 USC §1404(a). Status hearing date of 9/25/02 is stricken.

(11) ☐ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✗ | Notices mailed by judge's staff. | | SEP 1 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| A | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA O. CHUKWU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 2190 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| AIR FRANCE, a foreign corporation and ) | |
| UNKNOWN EMPLOYEES OF AIR FRANCE, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Monica Chukwu filed this suit for monetary relief against defendant Societe Air France ("Air France"), alleging mistreatment by Air France employees during a recent flight between Lagos, Nigeria, and San Francisco, California. Defendant has filed a motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss plaintiff's third amended complaint for lack of subject matter jurisdiction and failure to state a claim, or in the alternative, to dismiss the instant action under the doctrine of forum non conveniens. For the reasons discussed below, the court denies defendant's motions to dismiss and exercises its authority under 28 U.S.C. §1404(a) to transfer this case to the Northern District of California for the convenience of witnesses and in the interests of justice.



# BACKGROUND[1]

Plaintiff is a seventy-two year old native of Nigeria and a permanent resident of the United States, currently residing in California. Air France is a foreign corporation with its principal place of business in Paris, France, with a majority of its ownership interest owned by the Republic of France.

On December 16, 2002, Gregory Chukwu purchased a one-way ticket on plaintiff's behalf from defendant's agent in Chicago, Illinois, for air travel between Lagos, Nigeria, and San Francisco, California. In purchasing plaintiff's ticket, Gregory Chukwu explained to defendant's ticket agent that plaintiff could not speak English or French, and that she needed to depart Nigeria on January 7, 2002, so that she could be accompanied by Pius Nwoye.

Plaintiff's ticket was issued for January 7, 2002; however, she was denied a boarding pass for failure to provide proper travel documentation. She returned to Lagos Airport on January 8, 2002, with proper documentation, accompanied by a family member, who explained to defendant's employees that plaintiff could not speak English or French and needed assistance. Plaintiff's family member also informed defendant's employees that plaintiff was ill and needed a wheelchair. Plaintiff ultimately was permitted to board her flight on January 8, 2002.

In her third amended complaint, plaintiff seeks damages for "injuries to her mind and body" caused by the following alleged acts of defendant: (a) failure to provide a wheelchair to plaintiff and forcing her to walk "to and/or from" the boarding gates in Lagos, Paris and San

---

[1]For the purposes of distilling the factual background of the instant dispute, as well as the relief sought by plaintiff, this court will consider plaintiff's third amended complaint, as well as allegations made in subsequent pleadings. To the extent that pleadings prior to the third amended complaint included causes of action different from those alleged in the most recent complaint, this court assumes that those claims have been abandoned by plaintiff.

Francisco; (b) failure to provide food and beverages to plaintiff throughout the duration of her flight; (c) failure to allow plaintiff to travel with her companion, Pius Nwoye, on January 7, 2002, the original date on her plane ticket; and (d) failure to provide an interpreter for plaintiff.[2]

## DISCUSSION

*Subject Matter Jurisdiction*

The parties do not dispute that defendant is properly characterized as a "foreign state" under 28 U.S.C. § 1603(b)(2) because the Republic of France has a majority ownership interest in defendant. See also Santos v. Compagnie Nationale Air France, 934 F.2d 890, 891 (7th Cir. 1991). Consequently, to determine whether subject matter jurisdiction exists over the instant dispute, the court must look to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1330, 1602 et seq., which provides "the sole basis for obtaining jurisdiction over a foreign state in United States courts." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443, 109 S.Ct. 683, 693 (1989); 28 U.S.C. §§ 1330, 1604.

Despite defendant's argument to the contrary, plaintiff's citizenship is immaterial to this court's analysis of subject matter jurisdiction under the FSIA. If an action satisfies the substantive standards of the Act, it may be brought in federal court regardless of the citizenship of the plaintiff. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 490-491, 103 S.Ct. 1962, 1971 (1993).

---

[2]Plaintiff's initial complaint also stated a claim for false imprisonment related to defendant's refusal to allow her to board her flight from Lagos, Nigeria, to San Francisco, California, on January 7, 2002. It appears from subsequent pleadings and the third amended complaint, however, that plaintiff has abandoned this claim.

3

The FSIA, by its very terms, is "[s]ubject to existing international agreements to which the United States is a party...." 28 U.S.C. §1604. Under the FSIA, "the district courts shall have original jurisdiction...of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement." 28 U.S.C. § 1330 (a). Hence, a foreign state is presumptively immune from the jurisdiction of the courts of this country, unless an existing international agreement provides otherwise, or one of the exceptions to immunity enumerated in 28 U.S.C. §§ 1605-1607 is applicable. Saudi Arabia v. Nelson, 507 U.S. 349, 155, 113 S.Ct. 1471, 1476 (1993); Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. at 493, 103 S.Ct. 1962, 1971; Harris v. Polskie Line Lotnicze, 641 F.Supp. 94, 96 (N.D.Cal. 1986).

Existing International Agreement: Warsaw Convention

Plaintiff has characterized her lawsuit as asserting standard common law negligence claims, consisting of the following elements: duty, breach, causation, and damages. This court is persuaded, however, that plaintiff's claims are governed not by state tort or contract law as alleged by plaintiff,[3] but rather fall within the purview of the Warsaw Convention ("the

---

[3]It should be noted that, even if plaintiff's claims were governed by the common law of negligence rather than the Warsaw Convention, this court would still have subject matter jurisdiction. The commercial activity exception to immunity under the FSIA, 28 U.S.C. § 1605(a)(2), provides that a foreign state shall not be immune from suit in any case "in which the action is based upon a commercial activity carried on in the United States by the foreign state...." For an action to be "based upon" commercial activity, there must be an identifiable nexus between the claim and the commercial activity at issue. Santos v. Compagnie Nationale Air France, 934 F.2d 890, 893 (7th Cir. 1991). In other words, a claim is "based upon" commercial activity in the United States if that activity establishes a legal element of the claim. Id. See also Saudi Arabia v. Nelson, 507 U.S. 349, 357, 113 S.Ct. 1371, 1477 (1993). In a negligence
(continued...)

Convention"), 49 U.S.C.A. § 40105, which creates the exclusive cause of action for injuries sustained during international air transportation.[4] See El Al Israel Airlines v. Tseng, 525 U.S. 155, 176, 119 S.Ct. 662, 675 (1999). Although the United States was not one of the original contracting parties to the Convention, it announced its intention to adhere to the Convention's provisions in late 1934. Harris v. Polskie Line Lotnicze, at 96. France is a party to the Convention, as well.

As the Supreme Court has observed, the "cardinal purpose" of the Convention was to achieve uniformity of rules governing claims arising from international air transportation. Id. at 169, 119 S.Ct. at 671-672. Moreover, the Convention seeks to balance the interests of air carriers and passengers. To that end, it denies carriers the ability to contractually limit or exclude their liability, and limits both the types of claims and amount of damages that may be sought by passengers. See Article 20 (precluding liability if "carrier proves that he and his agent have taken all necessary measures to avoid the damage or that is was impossible for him or them to take such measures"); Article 22 (limiting carrier liability to $75,000); and Article 25 (providing that "the carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his willful misconduct....").

---

[3](...continued)
action, the selling of an airplane ticket in the United States creates a duty, and is therefore an element of the cause of action that confers jurisdiction under the FSIA's "commercial activity" exception to sovereign immunity. See Santos, 934 F.3d at 893.

[4] The Warsaw Convention is the popular name for the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876. Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft, 855 F.2d 385, 387 n. 2 (7th Cir. 1988).

Article 17 of the Convention, which governs the instant dispute, provides that a carrier shall be liable "for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by the passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking."[5] According to Article 28 of the Convention, suits for damages under Article 17 may be brought before a court in the territory of any of the following: (1) the domicile of the carrier, (2) the carrier's principal place of business, (3) the carrier's place of business through which the contract for travel was made, or (4) the place of destination.

The parties do not dispute that plaintiff was engaged in international travel, as defined by the Convention. See Article 1 (defining "international transportation"). The parties further agree that the contract for travel was made in Chicago, Illinois, and that plaintiff's flight was bound for San Francisco, California. Therefore, this court finds that the instant case is governed by the Warsaw Convention and that this court has subject matter jurisdiction pursuant to the FSIA, 28 U.S.C. §§ 1330, 1604.

Exceptions to Immunity under FSIA

Even if the Warsaw Convention did not, by its own force, confer subject matter jurisdiction over the instant dispute, the court finds that the FSIA's commercial activity

---

[5] Article 25, which defines the circumstances under which an air carrier may not avail itself of the exclusion from liability outlined in Article 20 or the $75,000 liability cap provided in Article 22, does not create an independent cause of action under local state law when willful conduct is alleged. See Ratnaswamy v. Air Afrique, 1998 WL 111652, at *4 (N.D.Ill. March 3, 1998); Harpalani v. Air India, Inc., 634 F.Supp. 797, 799 (N.D Ill. 1986) (a finding of willful misconduct produces "an exception to the Convention's limitations on the recovery of compensatory damages, not an authority for a form of damages not permitted elsewhere in the Convention.")

exception, supra note 3, would suffice. The court notes at the outset that plaintiff alleges, as a part of her injury, that defendant denied her a wheelchair to disembark the plane upon her arrival in San Francisco. This most certainly qualifies as commercial activity within the United States under the FSIA, regardless of plaintiff's theory of recovery.

To prevail on a claim under the Convention, a plaintiff must prove that: (1) there has been an "accident," from which (2) the plaintiff suffered an "injury," and that (3) the accident "took place on board the aircraft or in the course of any of the operations of embarking or disembarking." See Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 535-536, 111 S.Ct. 1489, 1494 (1991). An "accident," as used in the Convention, refers to any "unexpected or unusual event or happening that is external to the passenger." Air France v. Saks, 470 U.S. 392, 405, 105 S.Ct. 1338, 1345 (1985). This definition is to be flexibly applied after an assessment of all of the circumstances surrounding the plaintiff's injury. Id.

To determine the extent to which the treatment plaintiff received onboard her flight was unusual or unexpected, and hence constitutes an "accident" under the Convention, this court would look to the contract between the parties and the duties arising therefrom. See, e.g., Husain v. Olympic Airways, 116 F.Supp.2d 1121, 1132 (N.D.Cal. 2000) (explaining that the court heard "extensive testimony on the standard of care for flight attendants" in order to determine whether flight attendant's refusal to move passenger away from the smoking section constituted an "accident"). Consequently, the court finds that there is an "identifiable nexus" between defendant's sale of plaintiff's plane ticket in Chicago and plaintiff's claims of mistreatment, such that plaintiff's claim under the Warsaw Convention is based upon defendant's commercial activity in the United States.

7

Having determined that plaintiff's claims of "injury to her mind and body" under the Convention implicate the commercial activity engaged in by defendant in Chicago and San Francisco, the court finds that the requirements of section 1605(a)(2) have been met, and defendant is therefore subject to the subject matter jurisdiction of the federal courts under the FSIA. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

*Failure to State a Claim under the Warsaw Convention*

Defendant concedes that if subject matter jurisdiction exists over the instant dispute, then it must be governed by the Warsaw Convention. To prevail on a claim under Article 17 of the Convention, a plaintiff must prove that: (1) there has been an "accident," from which (2) the plaintiff suffered an "injury," and that (3) the accident "took place on board the aircraft or in the course of any of the operations of embarking or disembarking." See Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 535-536, 111 S.Ct. 1489, 1494 (1991).

Defendant does not dispute that plaintiff has sufficiently alleged an accident, or that the acts complained of occurred during embarking and disembarking, or during her flights. Rather, the thrust of defendant's argument is that plaintiff has failed to allege a physical injury that is compensable under the Convention.

The court finds that plaintiff's third amended complaint, which asserts "injuries of pecuniary nature in both her mind and body," minimally satisfies the requirement that plaintiff allege a physical injury.[6] Notwithstanding plaintiff's ultimate ability to offer sufficient proof of

---

[6]Under notice pleading, all that is required is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it
(continued...)

8

her allegations to withstand a motion for summary judgment, the court finds that her cursory allegation of physical injury at this stage in the proceedings is adequate, especially considering the alleged deprivation of food and beverages and access to a wheelchair to accommodate an apparent physical disability. Defendant's motion to dismiss for failure to state a claim is therefore denied.

*Forum Non Conveniens*

Defendant has moved this court to "dismiss [the instant case] in equity and good conscience due to the lack of significant contacts with the United States and the inability of defendant to reasonably present a defense." In support of its motion, defendant maintains that none of the culpable acts occurred in this district or in the United States, and that defendant is not incorporated anywhere in the United States. Moreover, defendant emphasizes that there are only two potential witnesses located in the United States: the purchaser of plaintiff's ticket, who resides in this district, and the plaintiff herself, who resides in California. Defendant contends that, should this court dismiss the instant case, plaintiff has an adequate remedy in Nigeria.

In a motion to dismiss for forum non conveniens, the defendant must show that (1) there is an adequate, available forum elsewhere, and (2) the balance of private and public interests favors dismissal. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252 (1981). An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. Kamel, 108 F .3d 799, 803 (7th Cir. 1997). Further, an adequate forum mandates

---

[6](...continued)
rests. Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit, 113 S.Ct. 1160, 1163 (1993).

9

that the parties will not be deprived of all remedies or treated unfairly. Id. ISI Intern., Inc. v. Borden Ladner Gervais, LLP, 2001 WL 1382572, *3 (N.D.Ill.,2001).

In the instant case, defendant has merely asserted that "Nigeria is a republic and the most populous country on the African continent. Nigeria has an elected government based on English common law including executive, legislative and judicial branches." These allegations, standing alone, are insufficient to convince this court that Nigeria is either available or adequate as an alternative forum.

Moreover, defendant has not met its burden of demonstrating that the balance of private and public interests favors dismissal, either. Private interest factors considered in ruling on a forum non conveniens motion include: (1) ease of access to sources of proof; (2) the availability of compulsory process for hostile witnesses and the cost of obtaining the attendance of willing witnesses; (3) the possibility of viewing the premises, if appropriate; and (4) all other practical problems that make trial of the case easy, efficient, and economical. Kamel, 108 F.3d at 803. The pertinent public interest factors are: (1) the court's own docket congestion; (2) the preference for having a forum apply law with which it is familiar; (3) the local interest in resolving the controversy; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. Piper, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6; Kamel, 108 F.3d at 803. A district court has "substantial flexibility" in considering the relative importance of these factors. Wilson v. Humphreys (Cayman) Ltd., 916 F.2d 1239, 1245 (7th Cir. 1990).

Again, defendant has provided scant evidence to demonstrate that the public and private factors outlined above merit a dismissal on grounds of forum non conveniens. At most, defendant has asserted that it will be unable to initiate a third-party action and to obtain process

and jurisdiction, should plaintiff want to hold defendant liable for the acts of independent entities that allegedly handle airport security and passport control in Lagos, Nigeria. Considering that the gravamen of plaintiff's complaint involves acts that occurred while embarking and disembarking and during her flight, the court does not find defendant's argument persuasive.

Moreover, while the attendant costs of transporting witnesses and documents are indeed significant, in the absence of evidence to the contrary, the court concludes that defendant airline is better equipped to confront that challenge than plaintiff. Further, this court affords significant weight to plaintiff's choice of the United States as a forum, considering that she resides in California, rather than Nigeria.

Because defendant has failed to demonstrate both that Nigeria is available and adequate as an alternative forum, and that the private and public factors favor Nigeria, defendant's motion to dismiss on grounds of forum non conveniens is denied.

*1404(a) Transfer of Venue to the Northern District of California*

28 U.S.C. § 1404(a) provides in relevant part: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to Section 1404(a), a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Symons Corp. v. Southern Forming and Supply, Inc., 954 F.Supp. 184, 186 (N.D.Ill.1997). For the reasons that follow, the court transfers the instant action to the Northern District of California.

11

With regard to the first factor, the court notes that venue is proper in the Northern District of Illinois. 28 U.S.C. § 1391 (f) provides that a civil action against a foreign state, as defined under 28 U.S.C. § 1603 (a), may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under § 1605 (b) of this title; (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

Defendant does not dispute that venue is proper in this district under 28 U.S.C. § 1391 (f)(3) because it is doing business in Chicago. Further, because plaintiff's flight was destined for San Francisco, and at least part of plaintiff's claims derive from defendant's activity in San Francisco, this court finds that venue is proper under § 1391 (f)(3) in the Northern District of California, as well. Therefore, the court has the power to transfer the case if to do so is in the interest of justice and for the convenience of parties and witnesses.

In evaluating the convenience and fairness of a transfer, the court considers relevant private and public interests. The private interests include: 1) plaintiff's initial choice of forum; 2) the situs of material events; 3) ease of access to sources of proof; 4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and 5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Plaintiff's choice of forum is entitled to substantial weight, particularly when it is also her home forum. Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Plaintiff's choice is not, however, conclusive. When "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value" even if it is the plaintiff's home forum. Dunn v. Soo Line R. Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994). "The weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Systems, Limited, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Thus, the court must consider the situs of material events to determine how much weight to assign to plaintiff's choice of forum.

The instant case arises out of defendant's alleged mistreatment of plaintiff during her flight from Nigeria to San Francisco, as well as during the processes of embarking and disembarking. Although the ticket for travel was purchased in Illinois, none of the acts that form the gravamen of plaintiff's complaint occurred in Illinois. The first two private interest factors thus favor transfer.

The third factor, ease of access to evidence and sources of proof, also slightly favor transfer. The core allegations of the complaint are not substantially connected to Illinois, but rather involve defendant's acts during its San Francisco-bound flight from Nigeria. Hence, the court concludes that the ease of access to proof favors transfer to California.

The court finds that the fourth and fifth factors, convenience of witnesses and parties, also favor transfer. Plaintiff resides in California, and the only potential witness residing in Illinois is Gregory Chukwu, who purchased plaintiff's ticket (a fact that is not contested). Further,

13

defendant's financial burden of securing its witnesses' attendance in California rather than Illinois is indeed minimal.

In addition to the private interest factors, the court must also consider certain public interest factors that may warrant transfer: 1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; 2) the court's familiarity with applicable law; and 3) the congestion of the respective court dockets and the prospects for an earlier trial. See Hughes v. Cargill, Inc., 1994 WL 142994 at *2 (N.D. Ill. April 14, 1994).

The first factor favors transfer. Although many of the alleged acts by defendant occurred on board the flight from Nigeria to San Francisco, California, plaintiff has alleged the denial of a wheelchair when disembarking in California. Plaintiff has not alleged that any of her injuries arose in Illinois, however.

The second factor, the court's familiarity with applicable law, is neutral. Assuming that the Warsaw Convention governs the instant dispute, its provisions will preempt state common law. This court and the Northern District of California are equally familiar with its requirements.

The final factor, the speed at which the trial will progress, is neutral. The median time interval between the filing of a civil case and trial in the Northern District of Illinois is 25.5 months, compared with 25 months in the Northern District of California. This .5 month difference is negligible and neither favors nor disfavors transfer.

Consideration of the foregoing public and private interests convinces this court that, in the interest of justice and for the convenience of parties and witnesses, a transfer of venue to the Northern District of California pursuant to 28 U.S.C. §1404(a) is proper.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is denied, and defendant's motion to dismiss for forum non conveniens is also denied. The court exercises its authority, <u>sua sponte</u>, to transfer venue to the Northern District of California pursuant to 28 U.S.C. §1404(a).

**ENTER:** **September 11, 2002**

**Robert W. Gettleman**
**United States District Judge**